**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID MERRITT, pro se; SALMA MERRITT, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation; et al., <br><br> Defendants - Appellees. | No. 09-17678 <br><br> D.C. No. 5:09-cv-01179-JW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted November 9, 2012
San Francisco, California

Before: KLEINFELD and BERZON, Circuit Judges, and SMITH, District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable William E. Smith, District Judge for the U.S. District Court for the District of Rhode Island, sitting by designation.

Plaintiffs appeal from the district court's dismissal with prejudice of their pro se complaint. We affirm in part, vacate in part, and remand for further proceedings.[1]

**1.** As to defendants' alleged nondisclosures in March 2006, we affirm the dismissal of plaintiffs' Truth in Lending Act ("TILA") damages claim as time-barred. The TILA statute of limitations runs from when "the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Taking as true plaintiffs' allegation that they received blank disclosure forms in March 2006, "nothing prevented [them] from comparing" those blank forms with "TILA's statutory and regulatory requirements," and thereby discovering the failure to disclose. *Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996); *see also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011).

**2.** The district court did not separately consider plaintiffs' other TILA damages claims, which are predicated on separate TILA violations alleged to have occurred in February 2009 — namely, that Countrywide failed to respond to plaintiffs' rescission notice — and so were timely filed. We reinstate plaintiffs'

[1] We address plaintiffs' rescission claim under the Truth in Lending Act as well as their claims under Section 8 of the Real Estate Settlement Practices Act in a separate opinion issued concurrently with this memorandum disposition.

TILA damages claims on this theory of liability and remand to the district court for further proceedings.

**3.** We vacate the dismissal of plaintiffs' claim under Section 6 of the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2605, and remand to the district court for further proceedings, including, at the appropriate stage, review of the plaintiffs' letters to determine which, if any, were qualified written requests under the standards newly established in *Medrano v. Flagstar Bank*, 704 F.3d 661, 666 (9th Cir 2012). Plaintiffs' letters are not in the record before this court, so we are unable to apply the *Medrano* framework in the first instance.

**4.** We affirm the dismissal of plaintiffs' RESPA Section 9 claim. There is no remaining viable defendant for this claim, as plaintiffs have settled with the "seller." *See* 12 U.S.C. § 2608(b).

**5.** We vacate the district court's dismissal with prejudice of the Merritts' Section 1981 claim and remand to the district court with instructions that the plaintiffs be granted leave to amend the complaint as to that claim. "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Here, although the plaintiffs filed multiple complaints, they did so before any district court ruling on their complaint. The first time the district

court evaluated the plaintiffs' complaint was in the context of granting defendants' motion to dismiss with prejudice.

While the court must accept a plaintiff's well-pleaded facts as true at the motion to dismiss stage, *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."), and the court must construe the pleadings of a pro se plaintiff liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the plaintiffs in this case state that certain pleaded facts are "hypothetical." The court need not accept as true facts that the pleader does not even claim to be true. The plaintiffs do not identify which facts are supported by reasonable information and belief and which facts are hypothetical, so the court cannot know which facts to accept as true for purposes of evaluating the motion to dismiss. Therefore, the complaint in its current form does not support a plausible claim for relief.

We cannot say that amendment would be futile, however, as the existing complaint may contain sufficient allegations that are supported by reasonable information and belief to state a claim for relief under Section 1981. The problem is that, as currently drafted, the district court cannot know which facts are real and which are imagined. Therefore, we remand the case with instructions for the district court to provide the plaintiffs "specific notice of the complaint's

deficiencies and an opportunity to amend." *Lucas*, 66 F.3d at 249. In its notice, the district court need not provide a paragraph-by-paragraph analysis, but rather should emphasize that the amended complaint should contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P 8(a)(2), which includes facts based on at least information and belief. *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1372 (10th Cir. 1979) ("[Pleading on 'information and belief' in appropriate circumstances fits well with the spirit of the rules."). The complaint may include allegations that are "not based on the firsthand knowledge of the person making the allegation . . . but that person nevertheless, in good faith, believes the allegation to be true." *Pirraglia v. Novell, Inc.*, 339 F.3d 1182, 1189 (10th Cir. 2003) (internal citation and quotation marks omitted). It should be emphasized that Rule 11 sanctions may be available, if, at the summary judgment stage, it turns out that any of the plaintiffs' surviving "hypothetical" allegations are baseless. *See Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986). With these instructions, the plaintiffs may file an amended complaint; it will remain to be seen whether that complaint states a claim.

**6.** Both parties moved this court to take judicial notice of numerous documents. We deny all of the motions for judicial notice (Dkt. # 78, 86, 109, 114). "It is rarely appropriate for an appellate court to take judicial notice of facts

that were not before the district court." *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 392 n.7 (9th Cir. 2000).

Judge Kleinfeld dissents for the reasons stated in his dissent to the published opinion in this case.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.